PER CURIAM.
This cause is before the Court upon the complaint of The Florida Bar and the report of a referee assigned to hear the complaint. We have jurisdiction. Art. Y, § 15, Fla. Const.
Neither party seeks review of the findings and recommendation of the referee. Respondent tendered a conditional guilty plea to which The Florida Bar agreed. The report of the referee reads as follows:
REPORT OF REFEREE
I. Summary of Proceedings: Pursuant to the undersigned being duly appointed as referee to conduct discipli *1026 nary proceedings herein according to the article XI of the Integration Rule of The Florida Bar, a hearing was held on June 24, 1985. The enclosed pleadings, orders, transcripts and exhibits are forwarded to The Supreme Court of Florida with this report, and constitute the record in this case.
The following attorneys appeared as counsel for the parties:
For The Florida Bar: Stephen Rushing
For The Respondent: Louis Kwall
II.Findings of Fact as to Each Item of Misconduct of Which the Respondent is Charged: After considering all the pleadings and evidence before me, I accept the tendered Conditional Guilty Plea for Five Year Disbarment which admits to each act of misconduct alleged in the complaint attached hereto.
III.Recommendation as to Whether or not the Respondent Should Be Found Guilty: I recommend that the respondent be found guilty of the following violations of the Code of Professional Responsibility: That WILLIAM L. DREYER has violated Disciplinary Rules 1-102(A)(3) (engaging in illegal conduct involving moral turpitude); DR 1-102(A)(4) (conduct involving dishonesty, fraud, deceit or misrepresentation); DR 1-102(A)(6) (conduct that adversely reflects on his fitness to practice law); DR 6-101(A)(3) (neglect of a legal matter entrusted to him); DR 7-101(A)(l) (failure to seek the lawful objectives of his client); DR 7-101(A)(3) (intentionally prejudice or damage his client during the course of the professional relationship); DR 7-102(A)(8) (knowingly engage in other illegal conduct or conduct contrary to a disciplinary rule); DR 9-102(A) (funds of the lawyer or law firm shall not be commingled with client funds); Florida Bar Integration Rule, article XI, Rule 11.02(3)(a) (engage in conduct contrary to honesty, justice, or good morals); and Rule 11.02(4) (money entrusted to an attorney is held in trust and must be applied only to that purpose).
IV. Recommendation as to Disciplinary Measures to be Applied: I recommend that the respondent be disbarred for a period of five (5) years (with a recommendation that credit be given for the period of time respondent has been temporarily suspended since October 4, 1983). There shall be a special condition that restitution shall be made prior to application for readmission. Reasonable restitution may be established at time of Respondent’s Application for Readmission, and shall include reimbursement to The Florida Bar Client Security Fund for funds paid out under claims.
V. Personal History and Past Disciplinary Record: After finding of guilt and prior to recommending discipline to be recommended pursuant to Rule 11.06(9)(a)(4), I considered the following personal history and prior disciplinary record of the respondent, to wit:
(1) Age: 39
(2) Date Admitted to Bar: April 9, 1979
(3) Mitigating Factors: Respondent waived Probable Cause hearings and has served prison sentence in related criminal charges.
(4) Aggravating Factors: Total theft/embezzlement in excess of $250,-000.00 from several clients.
(5) Respondent has no prior disciplinary record.
VI.Statement of Costs and Manner in which Costs Should Be Taxed: I find the following costs were reasonably incurred by The Florida Bar.
A. Grievance Committee Level Costs
1. Administrative Costs $ 150.00
2. Copy from Clerk of Circuit Court 64.50
3. Staff Investigator Costs 2,795.95
4. Office Moving Expenses 655.00
5. Southeast Bank Services (10/3/83) 58.50
6. Typing Services 21.00
*1027 B. Referee Level Costs
1. Administrative Costs $ 150.00
2. Court Reporter Costs (2/1/84) 30.00
3. Court Reporter Costs (6/24/85) 30.00
4. Branch Staff Counsel Costs 6.20
TOTAL AMOUNT
DUE $3,961.15
It is apparent that other costs have or may be incurred. It is recommended that all such costs and expenses together with the foregoing itemized costs be charged to the respondent, and that interest at the statutory rate shall accrue and be payable beginning 30 days after the judgment in this case becomes final unless a waiver is granted by The Board of Governors of The Florida Bar.
We approve the findings and recommendations of the referee. Attorney William L. Dreyer is disbarred, effective immediately. The conditions stated in the referee’s report are hereby imposed. Costs in the amount of $3,961.15 are taxed against respondent, for which sum let execution issue.
It is so ordered.
BOYD, Acting C.J., and OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.